IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LATEFAH SHAMPINE,** | CASE NO. 1:22 CV 1273 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **EAST CLEVELAND BOARD OF EDUCATION,** *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* plaintiff Latefah Shampine has filed a civil complaint in this matter against multiple defendants. She sues the East Cleveland Board of Education, Chambers Elementary School, Myra Loy Corley, Cleveland Board of Education, Charlene Hobbs, and Pastor Lincoln Haughton. (Doc. No. 1.)

Her three-count complaint does not set forth clear allegations or legal claims. In her complaint, she complains she was refused employment and denied a position as a substitute teacher, despite being highly qualified, as a result of the "jealousy and hate" of principals Charlene Hobbs and Pastor Lincoln Haughton, who she contends are both child molesters and have abused school children. (*See id*. at 2-4.) She contends Hobbs and Haughton are friends and "fraudulently" took jobs from her and "placed lies on her record" to take employment from her. (*Id*. at 4-5.)

Plaintiff, however, neither references nor cites any specific federal claim or cause of action against any defendant in her pleading. Rather, her complaint on its face refers only to numerous provisions of the Ohio Revised Code, the vast majority of which pertain to state

crimes (including rape, sodomy, child endangering, and permitting child abuse among others). (*See id.* at 1-2.) She characterizes her action as a "horrible sexual complaint." (*Id.* at 2.)

For relief, plaintiff seeks "50 million" from Hobbs and Haughton and "25 million from, East Cleveland School Board, Cleveland Board, and Myra Corley." (*Id*. at 7.)

With her complaint, plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted.

## STANDARD OF REVIEW AND DISCUSSION

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Further, although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Upon review, the Court finds plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B). Even according the complaint the deference to which a *pro se* pleading is entitled, it fails to meet basic pleading requirements necessary to state a plausible claim upon which this Court may grant her relief.

Plaintiff's complaint on its face fails to allege any specific federal claim or cause of action, and it impossible for the Court to discern whether plaintiff purports to assert a federal claim relating to employment, or simply to assert claims under the Ohio statutes she cites. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Even if plaintiff's complaint could be liberally construed as purporting to assert a federal claim of employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, it is insufficient to state such a claim. Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). But plaintiff's complaint does not allege facts from which a reasonable inference could be drawn that she suffered an adverse employment action "on the basis" or because of a characteristic protected by Title VII. Conclusory allegations of discrimination are insufficient to state a federal Title VII claim. *See Tucker v. Victor Gelb, Inc.*, 194 F.3d 1314 (TABLE), 1999 WL 801544 (6th Cir. 1999) (upholding summary dismissal of Title VII claim).[1]

---

[1] In addition, a plaintiff fails to state a Title VII claim where "the record does not conclusively show that she exhausted her administrative remedies prior to filing her complaint in federal court." *Tucker,* 1999 WL 801544, at *1. "In order to satisfy the prerequisites to an employment discrimination action, a claimant must: 1) file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC); and 2) receive and act upon the EEOC's notice

In the absence of a plausible federal claim, the Court declines to exercise supplemental jurisdiction over any state-law claims plaintiff seeks to assert (including determining whether she has any plausible civil cause of action under the state criminal statutes she cites). A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). There is no independent basis for the Court to exercise diversity jurisdiction over plaintiff's state-law claims. In order for a federal court to assert diversity jurisdiction over state-law claims, there must be complete diversity of citizenship between plaintiff and all defendants. *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original). It is clear from plaintiff's pleading that complete diversity of citizenship between plaintiff and all defendants does not exist.

## CONCLUSION

Accordingly, for all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Dated: November 2, 2022

_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE

---

of right to sue." *Id*. Even if plaintiff's complaint were sufficient to suggest she is asserting a Title VII claim, it is still subject to dismissal because she does not allege or demonstrate that she pursued a charge of discrimination with the EEOC prior to filing this action.